CHARLES BROWN v. THE STATE.

No. 3196.  Decided June 26, 1914.

Rehearing denied October .14, 1914.

**1.—Burglary—Sufficiency of the Evidence.**

Where, upon .trial of burglary, the evidence, although conflicting, was sufficient to sustain the conviction, there was no error.

**2.—Same—Evidence—Opinion of Witness.**

Where, upon trial of burglary, defendant pleaded an alibi and introduced a witness in support of it, who stated that the distance from where she saw defendant to the alleged burglarized store and the length of time elapsing after he had left the room where she was sitting until the shots were fired, the jury was as capable of judging whether or not sufficient time had elapsed for defendant to have gone to the store and entered it as was the witness, and there was no error in sustaining an objection to propounding this question to the witness, as this was simply her opinion.

**3.—Same—Suspended Sentence.**

Where, upon trial of burglary, the court instructed the jury upon the Suspended Sentence Law, who failed to recommend such sentence, there was no error.

Appeal from the District Court of Lee.  Tried below before the Hon. Ed. R. Sinks.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Chas. Brown,* in person, for appellant.—On question of refusing to let witness answer the question propounded:  Carr v. State, 24 Texas Crim. App., 562; Watson v. State, 52 Texas Crim. Rep., 85; Law v. State, 34 id., 79.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

Sheriff Scarborough and J. M. Clark positively identify appellant as the person who entered Clark's store and attempted to open his safe. His testimony, and the testimony of Mrs. Schroeder and Miss Schroeder would tend to prove an alibi and render it impossible for him to have been the person who committed the burglary.

While Miss Laura Schroeder was testifying, appellant propounded to her the following question: "Could it have been possible for the defendant to have been the person in Clark's store and could defendant have possibly reached Clark's back door in the space of time intervening between the time he left the room where you were sitting and the time the shots were fired by the sheriff?" The State objected on the ground that this called for the opinion of the witness, and the court sustained the objection. When the witness had stated the distance from her home to Clark's store and the length of time elapsing after he had left the room where she was sitting until the shots were fired, the jury was as capable of judging whether or not sufficient time had elapsed for him to have gone to the store and entered as was the witness, and there was no error in the ruling of the court. Of course, appellant's counsel in his argument so insisted, but the jury finds against such contention, and the opinion of the young lady was not admissible.

The court instructed the jury as to the form of their verdict in case they found appellant guilty and desired to recommend a suspension of sentence, and the form in case they did not desire to so recommend. They adopted the latter form, and this was a specific finding that they did not recommend a suspension of sentence.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 14, 1914.—Reporter.]